# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES DURY, | Case No. 1:13-cv-00721-LJO-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STAE A CLAIM AND AS FRIVOLOUS |
| v. | |
| OFFICER S. OCHOA, et al., | (Doc. 1) |
| Defendants. | ORDER THAT DISMISSAL QUALIFIES AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

_____/

## First Screening Order

### I. Screening Requirement and Standard

Plaintiff Matthew James Dury, a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 16, 2013, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof,

that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

To state a claim, Plaintiff must link each named defendant to a violation of his constitutional rights; there is no *respondeat superior* liability under *Bivens*. *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Plaintiff is required to set forth factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.** **Discussion**

    **A.** **Allegations**

Plaintiff, who is currently incarcerated at United States Penitentiary Marion in Marion, Illinois, brings this action against Officer S. Ochoa, Lieutenant Morgan, and Counselor Rayes for violating 18 U.S.C. § 1001 and the First Amendment of the United States Constitution. At the time of the events at issue, Plaintiff was incarcerated at United States Penitentiary Atwater in Atwater, California. Plaintiff seeks damages and injunctive relief.

Plaintiff's claims arise out of the issuance of an incident report on May 7, 2013, in which Defendant Ochoa wrote Plaintiff up for tampering with a security device and for insolence toward staff. (Comp., Ex. A.) The report was issued after Plaintiff twice activated the duress button in his cell for non-emergency reasons and then called Defendant Ochoa a "fucking spick." (*Id.*) Plaintiff alleges the report was "false," because he was using the duress button in accordance with the injunction in *LeMaire v. Maaass*, 12 F.3d 1444, 1458-59 (9th Cir. 1993), the button was not altered in any way, and the button cannot be a security device because it does not secure anything. (*Id.*, p. 3.) Plaintiff also alleges Defendant Ochoa violated his First Amendments rights when he wrote Plaintiff up for insolence toward staff, because Plaintiff has a protected right of speech and he "cannot be punished in any legal manner for exercising his First Amendment rights." (*Id.*, pp. 3-4.)

Plaintiff alleges that Defendant Morgan violated section 1001 by using a false document to "serve" Plaintiff when he had the authority to dismiss false reports. (*Id.*, p. 4.) Defendant Rayes also allegedly violated section 1001.[1]

### B.   Claim for Violation of 18 U.S.C. § 1001

As an initial matter, although Plaintiff describes the incident report as false, it is clear from his allegations that he disputes not that the incident occurred but prison officials' authority to discipline him for his conduct. Notwithstanding the untenability of that position, Plaintiff may not pursue a claim for violation of 18 U.S.C. § 1001; it is a criminal statute and he lacks a private right of action. *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1320 (9th Cir. 1984) (claim for damages under section 1001 patently frivolous); *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Air Trans, Inc. v. Mead*, 389 F.3d 594, 597 n.1 (6th Cir. 2004); *Garcia v. Mortg. Sense Inc.*, No. EDCV 13-1678-CAS (DTBx), 2013 WL 6190377, at *4 (C.D. Cal. Nov. 25, 2013); *Hammerlord v. Wang*, No. 11cv1572-WQH-DHB, 2013 WL 1626326, at *2 (S.D. Cal. Apr. 15, 2013); *Burns v. First Am. Tr. Servicing Solutions*, 2011 WL 1344214, at *5 (N.D. Cal.

---

[1] Based on Plaintiff's exhibits, Defendant Rayes was involved in preparing the incident report for referral to a disciplinary hearing officer. (Comp., Exs. B, C, D.)

Apr. 8, 2011); *Rundgren v. Bank of New York Mellon*, 777 F.Supp.2d 1224, 1233 (D. Hawai'i 2011).

### C. First Amendment Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a [government] actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's contention that he has a protected right to call Defendant Ochoa a "fucking spick" and that he may not be disciplined for doing so is entirely without merit. (Comp., pp. 4-5.)

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted for violation of section 1001 or the First Amendment, and the deficiencies at issue are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Additionally, the Court finds that Plaintiff's complaint is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827 (1989) (quotation marks omitted); *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted and as frivolous. This dismissal of this action

///
///
///
///
///
///

4

qualifies as a strike under 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **December 3, 2013**      **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE